**Morton D. WEISS, Appellant,**

v.

**Fred H. KORTH, Secretary of the Navy, et al., Appellees.**

**No. 16517.**

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 16, 1962.

Decided Feb. 1, 1962.

Mr. David M. Klinedinst, Washington, D. C., for appellant.

Mr. Jerry C. Straus, Department of Justice, for appellees. Asst. Atty. Gen. William H. Orrick, Jr., Messrs. David C. Acheson, U. S. Atty., John G. Laughlin, Jr., and James C. Cawood, Jr., Attys., Department of Justice, were on the brief for appellees.

Before WILBUR K. MILLER, Chief Judge, and WASHINGTON and DANAHER, Circuit Judges.

PER CURIAM.

Plaintiff-appellant is an employee of the Navy Department. He brought a grievance proceeding within the Department, principally based on the Navy's failure over a period of years to give him a promotion. This proceeding went through the first two stages envisaged in the pertinent regulation. See Navy Civilian Personnel Instruction 770.2–1, et seq. He received a hearing at each stage, the second being at a higher level of authority than the first. He then sought a "third-stage" review, at a still higher level, but was denied it on the ground that his complaint was not sufficiently specific, and did not indicate what corrective action was sought. Appellant then brought suit in the District Court, seeking mandamus to compel the immediate holding of "a third-stage grievance appeal hearing" in his case. Relief was denied, and this appeal followed.

The controlling regulation not only does not in terms compel the holding of a third-stage hearing in every case, but makes it clear that reasonable requirements of specificity must be observed.[1] The Navy Department has simply said that appellant must comply with these requirements as a prerequisite to a third-stage hearing. Under the circumstances we find no abuse of discretion on the part of the District Court in declining to issue the extraordinary writ.

Affirmed.

---

1. The regulation provides, in part:
   "At each stage in the grievance procedure, the employee is expected to state specifically why he is aggrieved and the corrective action which he seeks. Refusal by the employee to give this information may be considered cause for rejecting his appeal." NCIP 770.2–1.